1

2

3

4

5

6              **UNITED STATES DISTRICT COURT**

7                      **DISTRICT OF NEVADA**

8

9    DASHAUN WRIGHT,

10          Petitioner,                          Case No. 3:15-cv-00426-RCJ-WGC

11   vs.                                         **ORDER**

12   RENEE BAKER, et al.,

13          Respondents.

14

15          Before the court is the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

16   The court has reviewed it pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the

17   United States District Courts.  Petitioner will need to show cause why the court should not dismiss

18   this action because it is untimely.

19          Congress has limited the time in which a person can petition for a writ of habeas corpus

20   pursuant to 28 U.S.C. § 2254:

21          A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a
            person in custody pursuant to the judgment of a State court. The limitation period shall run
22          from the latest of—
            (A) the date on which the judgment became final by the conclusion of direct review or the
23          expiration of the time for seeking such review;
            (B) the date on which the impediment to filing an application created by State action in
24          violation of the Constitution or laws of the United States is removed, if the applicant was
            prevented from filing by such State action;
25          (C) the date on which the constitutional right asserted was initially recognized by the
            Supreme Court, if the right has been newly recognized by the Supreme Court and made
26          retroactively applicable to cases on collateral review; or
            (D) the date on which the factual predicate of the claim or claims presented could have been
27          discovered through the exercise of due diligence.

28

1   28 U.S.C. § 2244(d)(1).  If the judgment is appealed, then it becomes final when the Supreme Court

2   of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of

3   certiorari expires.  Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009).  See also Sup. Ct. R.

4   13(1).  Any time spent pursuing a properly filed application for state post-conviction review or other

5   collateral review does not count toward this one-year limitation period.  28 U.S.C. § 2244(d)(2).

6       Section 2244(d) is subject to equitable tolling.  Holland v. Florida, 560 U.S. 631, 645

7   (2010).  "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been

8   pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and

9   prevented timely filing."  Id. at 649 (quoting Pace, 544 U.S. at 418).  Actual innocence can excuse

10  operation of the statute of limitations.  McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013).  "'[A]

11  petitioner does not meet the threshold requirement unless he persuades the district court that, in light

12  of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a

13  reasonable doubt.'"  Id. (quoting Schlup v. Delo, 515 U.S. 298, 329 (1995)).  "'[A]ctual innocence'

14  means factual innocence, not mere legal insufficiency."  Bousley v. United States, 523 U.S. 614,

15  623 (1998).  "In cases where the Government has forgone more serious charges in the course of plea

16  bargaining, petitioner's showing of actual innocence must also extend to those charges."  Id. at 624.

17      The petitioner effectively files a federal petition when he delivers it to prison officials to be

18  forwarded to the clerk of the court.  Patterson, 251 F.3d at 1245 n.2.  The court can raise the issue of

19  timeliness on its own motion.  Day v. McDonough, 547 U.S. 198, 209 (2006); Herbst v. Cook, 260

20  F.3d 1039, 1043 (9th Cir. 2001).

21      Although petitioner is in custody at the Ely State Prison, he is challenging the validity of a

22  judgment of conviction from the Suffolk County Superior Court, Massachusetts.  After a jury trial,

23  petitioner was convicted of armed assault with intent to murder, assault and battery by means of a

24  dangerous weapon, unlawful possession of a firearm, and unlawful possession of ammunition.  The

25  superior court then convicted petitioner of being an armed career criminal.  The judgment of

26  conviction was entered on March 31, 2004.  Petitioner appealed.  Petitioner filed a motion for a new

27  trial while the appeal was pending, and that motion was denied.  Petitioner appealed that denial, and

28  both appeals were consolidated.  The Appeals Court of Massachusetts affirmed the judgment of

conviction and the denial of the new-trial motion on May 18, 2009.  <u>Com. v. Wright</u>, 906 N.E.2d

368 (Mass. App. 2009) (table disposition).[1]  Petitioner unsuccessfully sought review with the

Supreme Judicial Court of Massachusetts, which denied his petition on July 9, 2009.  <u>Com. v.</u>

<u>Wright</u>, 910 N.E.2d 380 (Mass. 2009) (table disposition).  Petitioner's judgment of conviction

became final on October 7, 2009.

       Petitioner then filed a motion for appointment of post-conviction counsel on May 21, 2010,

226 days after the judgment of conviction became final.  The Massachusetts superior court denied

the motion on the same day.  Petitioner appealed, and the court of appeals affirmed on November 9,

2010.  <u>Com. v. Wright</u>, No. 2010-J-0509.[2]  For the purposes of this order, the court assumes that

petitioner also submitted a petition for post-conviction review that qualified for tolling under 28

U.S.C. § 2244(d)(2), and the federal one-year period resumed running after November 9, 2010.

       Apparently, petitioner filed nothing else in state court, and the federal one-year period

expired at the end of March 28, 2011.

       Petitioner mailed his current federal habeas corpus petition to this court on August 16, 2015,

almost four and a half years after the one-year period expired.

       On November 10, 2010, the Committee for Public Counsel Services Innocence Program of

the Commonwealth of Massachusetts conditionally accepted petitioner's case to try to obtain a new

trial.  An attorney was appointed to represent petitioner.  The case was closed on or around July 29,

2014, without any favorable action, because the attorney was not able to find evidence that

petitioner was actually innocent.

       The innocence program case does not affect the court's determination that this action is

untimely.  First, it appears that no post-conviction petition was filed in a Massachusetts court, and

thus statutory tolling was unavailable by the terms of § 2244(d)(2).  Second, even though the

innocence program was representing petitioner in his attempt to obtain a new trial, nothing appeared

to have prevented petition from filing a federal habeas corpus petition in the United States District

---

[1]Petitioner's first name is spelled "DeShaun" in these Massachusetts court proceedings.

[2]The court obtained this information from WESTLAW on November 4, 2015.

1    Court for the District of Massachusetts, where petitioner was imprisoned at the time.  The

2    conditional acceptance letter from the innocence program warned petitioner, "If, for any reasons, the

3    Program no longer believes that evidence may exist which can establish that the defendant is

4    actually innocent, then the case will be removed from the Innocence Program."  If petitioner had

5    other grounds for relief, such as what he alleges in the current petition, then he needed to file a

6    federal habeas corpus petition on his own.  Otherwise, it was foreseeable for the innocence program

7    to use up all his time to file a federal petition with no result, which actually happened.  Third, even

8    if equitable tolling was warranted for the time that the innocence program represented petitioner,

9    petitioner waited more than a year after closure of the case to mail his federal habeas corpus petition

10   to this court.  That time alone would make this action untimely, and that is not taking into account

11   the 226 non-tolled days that had passed between the finality of the judgment of conviction and the

12   filing of the motion for appointment of post-conviction counsel.

13        IT IS FURTHER ORDERED that the clerk of the court shall file the petition for a writ of

14   habeas corpus pursuant to 28 U.S.C. § 2254.

15        IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry

16   of this order to show cause why the court should not dismiss this action as untimely.  Failure to

17   comply with this order will result in the dismissal of this action.

18        IT IS FURTHER ORDERED that the clerk shall add Adam Paul Laxalt, Attorney General

19   for the State of Nevada, as counsel for respondents.

20        IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a

21   copy of the petition and this order.  Respondents' counsel shall enter a notice of appearance herein

22   within twenty (20) days of entry of this order, but no further response shall be required from

23   respondents until further order of the court.

24        IDATED: This 9th day of November, 2015.

25

26

27        ROBERT C. JONES
          United States District Judge

28

-4-